IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN J. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1337-L-BN |
| | § | |
| HUBGROUP, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kevin J. Davis filed a *pro se* complaint appearing to allege a claim in the context of employment that consists of a Determination and Notice of Rights issued by the U.S. Equal Employment Opportunity Commission on March 24, 2022 and a Civil Cover Sheet indicating a cause of "falsely accused of stealing/terminated for retaliation." Dkt. No. 3. Because Davis also moved for leave to *proceed in forma pauperis* (IFP), United States District Judge Sam A. Lindsay referred Davis's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The IFP statute, 28 U.S.C. § 1915, "was designed to ensure that litigants would not be deprived of meaningful access to the federal judicial system due to their financial circumstances." *Bucklew v. St. Clair*, No. 3:18-cv-2117-N-BH, 2019 WL 2250886, at *2 (N.D. Tex. May 15, 2019) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *rec. accepted*, 2019 WL 2249718 (N.D. Tex. May 24, 2019). But, to gain access, "[a] litigant seeking IFP status must submit an affidavit identifying all assets he

possesses, as well as a statement that he is unable to pay the necessary fees of bringing a federal civil action." *Smith-Garcia v. Harrison Cnty.*, 776 F. App'x 226, 227 (5th Cir. 2019) (per curiam) (citing 28 U.S.C. § 1915(a)(1)).

The Court must then examine the financial condition of the applicant in order to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual [applicants'] financial resources, including whether the expenses are discretionary or mandatory." *Id.* And, while "[t]he term 'undue financial hardship' is not defined and, therefore, is a flexible concept[,] ... a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'" *Walker v. Univ. of Tex. Med. Branch*, No. 1:08-CV-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Williams v. Louisiana*, Civ. A. No. 14-00154-BAJ-EWD, 2017 WL 3124332, at *1 (M.D. La. Apr. 14, 2017) (noting that the applicable standard "requires a showing of more than an inconvenience to the applicant" (citations omitted)).

"[W]hether the litigant is 'unable to pay' the costs [associated with initiating a lawsuit also] ... depend[s] in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who

ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (citations and internal quotation marks omitted)); *accord Pisano v. Astrue*, No. 11-30269-KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) (collecting cases).

And a financial affidavit that is either "incomplete" or "internally inconsistent" is insufficient to find that a movant qualifies for leave to proceed IFP. *Muhammad v. La. Attorney Disciplinary Bd.*, Civ. A. No. 09-3431, 2009 WL 3150041, at *2 (E.D. La. Sept. 25, 2009) (citing *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976) ("[W]here the in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question ... of whether the asserted claim is frivolous or malicious."); collecting cases).

The financial information Davis provides in his IFP motion indicates that, while his household has been reduced to a single income, his wife's monthly income is $7,200, *see* Dkt. No. 4 at 1, which exceeds their reported monthly household expenses of $5,900, *see id.* at 4-5. He also reports $1,200 in a checking account. *See id.* at 2. So the undersigned cannot find that requiring Davis to pay the filing fee will "cause undue financial hardship" consistent with the legal standards set out above. And the Court should deny his IFP motion.

### Recommendation

The Court should deny Plaintiff Kevin J. Davis leave to proceed *in forma pauperis*, *see* Dkt. No. 4, and order that he pay the $402 filing fee within 21 days of any order accepting or adopting this recommendation (or within some other

reasonable time to be set by the Court), and, if he fails to do so, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 27, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE