IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN J. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1337-L-BN |
| | § | |
| HUBGROUP, | § | |
| | § | |
| Defendant. | § | |

**ORDER WITHDRAWING FINDINGS, CONCLUSIONS, AND RECOMMENDATION, DENYING REQUEST TO APPOINT COUNSEL, AND EXTENDING DEADLINE TO PROPERLY EFFECT SERVICE**

Plaintiff Kevin J. Davis filed a *pro se* complaint appearing to allege a claim in the context of employment discrimination that consists of a Determination and Notice of Rights issued by the U.S. Equal Employment Opportunity Commission on March 24, 2022 and a Civil Cover Sheet indicating a cause of "falsely accused of stealing/terminated for retaliation." Dkt. No. 3.

United States District Judge Sam A. Lindsay referred Davis's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Davis then paid the filing fee. And he was cautioned on August 17, 2022 that his deadline to prove proper service is September 19, 2022. *See* Dkt. No. 13 (citing FED. R. CIV. P. 4(d), 4(h), 4(m), 41(b)).

Because Davis failed to do so, the undersigned entered findings of fact and conclusions of law on October 20, 2022 recommending that the Court dismiss this

lawsuit without prejudice under Federal Rule of Civil Procedure 4(m) [Dkt. No. 16] (the FCR).

Davis objected on October 27, 2022, requesting that the Court appoint him counsel to allow him to properly serve the defendant. *See* Dkt. No. 17.

The Court CONSTRUES this objection as requesting leave to extend the time for service under Rule 4(m) and therefore WITHDRAWS the FCR and EXTENDS Davis's deadline to properly effect and prove service to **December 2, 2022**.

The FCR sets out defects in Davis's service attempts so far, even though "Rule 4 requires only that the court notify a claimant that dismissal is impending for lack of timely service." *Roberts v. U.S. Dep't of Army*, 275 F.3d 42, 2001 WL 1223674, at *1 (5th Cir. Sept. 26, 2001) (per curiam) (citing FED. R. CIV. P. 4(m)). A court need not also guide a plaintiff "on how to effect proper service." *Id.*

Nor does a request to appoint counsel to properly effect service show that exceptional circumstances require the appointment of counsel under 28 U.S.C. § 1915(e)(1). *See Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021) (per curiam) (A court is only "required to appoint counsel for an indigent [litigant] in a civil lawsuit [if] there exist exceptional circumstances warranting such an appointment." (citing *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015))). The Court therefore DENIES Davis's request to appoint counsel.

SO ORDERED.

DATED: November 2, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE