IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN DAVIS,** | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:22-CV-1337-L-BN** |
| **HUBGROUP,** | § § § | |
| Defendant. | § § | |

# **ORDER**

On April 11, 2023, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 19) was entered, recommending that the court, pursuant to Federal Rules of Civil Procedure 4(m) and 41(b), dismiss without prejudice this action, which has been pending eleven months, as a result of Plaintiff's continued failure to effect service on Defendant and failure to prosecute and comply with a court order.  On April 27, 2023, Plaintiff filed a one-page response to the Report.  Instead of objecting or taking issue with the magistrate judge's findings, conclusions, and recommendation, Plaintiff argues the merits of his employment law case and asserts that he cannot afford an attorney.

The court previously denied a request by Plaintiff to proceed *in forma pauperis*, and, even if he qualified to proceed *in forma pauperis*, there is no automatic right to appointment of counsel in civil cases.  *See Delaughter v. Woodall*, 909 F.3d 130, 141 (5th Cir. 2018).  Moreover, as the magistrate judge correctly noted, Plaintiff's *pro se* status does not excuse him from complying with applicable rules of procedure.  In this case, Plaintiff had eleven months to properly effect service, and he was previously warned several months ago about the consequences of failing to effect service on Defendant.  The magistrate judge also explained in detail in his current Report

what Plaintiff must do to properly serve Defendant in accordance with federal and state law. There is no indication from his response to the Report, however, that he has made any effort to properly serve Defendant since the magistrate judge's Report was entered more than thirty days ago.

Thus, having considered the pleadings, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court, pursuant Federal Rules of Civil Procedure 4(m) and 41(b), the court **dismisses without prejudice** this action because of Plaintiff's continued failure to effect service on Defendant and failure to prosecute and comply with a court order.

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court incorporates by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. S*ee Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

It is so ordered this 18th day of May, 2023.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge